[Civ. No. 2945.  Second Appellate District, Division One.—March 27, 1919.]

## CALIFORNIA HIGHWAY COMMISSION, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — PROSPECTIVE EMPLOYMENT — INJURY BEFORE ACCEPTANCE OF PROFFERED SERVICES — RELATION OF PARTIES.—A finding of the Industrial Accident Commission that a certain person was an employee of the California Highway Commission at the time he was injured and that the injury arose out of and in the course of his employment as such employee, is not supported by the evidence, when the uncontroverted facts show that such person was injured while on his way to the place of prospective employment where he was to offer his services to the foreman in charge, who was the only person who had the right to employ labor, and that at the time of the injury he had not yet reported to such foreman and there had been no word or act on the part of such foreman manifesting an acceptance of his proffered service.

40 Cal. App,—30

[2] ID.—PROVIDING OF MEANS OF CONVEYANCE—IMMATERIAL FACTOR.—
The fact that such injured person, instead of providing his own
means of conveyance and cost of transportation, availed himself
of the proffered offer of the California Highway Commission to
advance the cost thereof is an immaterial factor in the considera-
tion of the question as to whether the relation of employer and
employee existed.

PROCEEDING in Certiorari to review an award of the
Industrial Accident Commission.   Award annulled.

The facts are stated in the opinion of the court.

Daniel W. Burbank and F. J. Creede for Petitioner.

Christopher M. Bradley for Respondents.

SHAW, J.—Upon a writ of review issued herein we are
asked to annul an award of compensation made by the Indus-
trial Accident Commission against the California Highway
Commission and in favor of dependents of George J. McGilli-
vray, deceased, who is alleged to have died as the result of
injuries received while in the employ of the Highway Com-
mission.

The facts are as follows: In May, 1918, petitioner was en-
gaged in constructing highways some distance from the city of
Los Angeles, where the office of its division superintendent,
whose duties were the general supervision of the work in his
division, was located.   Each section or job of work was in
charge of a superintendent or foreman on the ground.   In
the month of May the Public Employment Bureau of Los
Angeles having received notice from the division superintend-
ent's office that petitioner was in need of laborers, sent George
J. McGillivray to the office of said superintendent, where he
applied for work as a teamster, and was told by Mr. Swartz,
then in charge of the office, that he could secure a job by
applying to Mr. J. G. Beckjord, the foreman on the ground of
what was known as the Ridge Route, distant some sixty miles
from Los Angeles, provided he was satisfactory to him.   He
was also informed as to compensation paid and the amount'
deducted therefrom as board for employees, who were re-
quired to furnish their own blankets, and told that transpor-
tation to the place would be furnished him, no charge for

which would be made, provided he held his job for one month. For the purpose of conveying deceased and another to the work, the Highway Commission secured an automobile, the owner of which undertook, for hire, the transportation of the men to the place where they, if acceptable to the foreman, would be employed. On the way to the prospective work the automobile overturned, injuring McGillivray, as a result of which he died. In the employment of men for the work, Swartz had no authority other than, when men were needed and finding those whom he thought would be acceptable to the foreman, to send them on to the work, telling them, as he did McGillivray, that they could secure a job provided they were satisfactory to the foreman; that as to men thus sent to him the foreman was vested with full authority, as in cases of independent application, to employ them or not, as he might determine. Indeed, as conclusively shown by the evidence, the only person who had the right to employ labor upon the work was the foreman in charge, who frequently refused to accept men sent to him by the office, and that nothing was paid for time consumed in going from Los Angeles to the place of prospective employment.

[1] Upon these facts, as to which there is no controversy, a majority of the commissioners found that McGillivray at the time he received the injuries which caused his death was an employee of petitioner and that the injury arose out of, and in the course of, his employment as such employee. In our opinion, there is no evidence to support this finding. As appears from the facts, the relation of the Los Angeles office of petitioner to the foreman on the ground in charge of the work, having sole power to engage laborers, was identical with that of an employment office in finding work for those seeking employment. As was done in this case by Swartz, they are informed as to wages, terms, and conditions upon which, if satisfactory, employment may be obtained by applying to the person in charge of work at a designated place. But until such application is made and the party accepted, the relation of employer and employee is not established. The information as to wages, terms, and conditions under which petitioner was employing men upon the Ridge Route, coupled with the statement made by Swartz that deceased could secure a job there if he proved satisfactory to the foreman in charge of the work, no doubt induced him to undertake the trip in the hope

of obtaining employment; but, in the absence of proof that he applied to the foreman or entered upon service, it is insufficient to establish the relation of master and servant, without which compensation for injury or death cannot be awarded. Deceased knew that success in obtaining employment depended upon the foreman who, as shown by the uncontradicted evidence, was vested with full and arbitrary power in determining whom he would or would not employ. Hence, until he had reported to the foreman and there was some word or act on his part manifesting an acceptance of his proffered service, he could not be said to be an employee of the Highway Commission. Indeed, upon arriving at the camp and finding conditions unsatisfactory, he might, at his option, conclude that he would not apply for work. He was traveling upon his own time, for his own benefit, was not performing, and had never performed, any service for petitioner. **[2]** The fact that he, instead of providing his own means of conveyance and cost of transportation, availed himself of the proffered offer of petitioner to advance the cost thereof, is an immaterial factor in the consideration of the question, since ''the law operates upon a status, i. e., that of employer and employee, and affixes certain rights and obligations to that status.'' (*North Alaska Salmon Co.* v. *Pillsbury*, 174 Cal. 1, [L. R. A. 1917E, 642, 162 Pac. 93].) Since the status did not exist, the provisions of the compensation act are not applicable.

The award is annulled.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1919.

All the Justices concurred.